NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

NORMAN SELLS, *Appellant*.

No. 1 CA-CR 19-0277
FILED 01-07-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2018-144614-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Michael J. Brown joined.

_____

**C R U Z**, Judge:

**¶1** This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Norman Sells has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Sells was convicted of aggravated assault with a simulated deadly weapon, a class 3 felony. Sells was given an opportunity to file a supplemental brief *in propria persona*; he has not done so. After reviewing the record, we affirm Sells' conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Sells. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶3** Sells entered a convenience store and told the store clerk, L.S., that he was getting water with a clear, empty Powerade bottle he brought himself. As Sells was filling up the empty bottle, L.S. stated that it appeared Sells was filling up his bottle with a yellow liquid. L.S. told Sells that he needed to pay for the beverage, or he would have to leave. Sells told L.S. that the liquid was water, and as the two argued, Sells poured the liquid out of his bottle onto the cash register. L.S. told Sells to get out of the store, and as Sells walked out, he flipped off L.S. L.S. alleges that Sells told her to "[w]atch out when you come out from work."

**¶4** Sells exited the store and got on his bicycle. L.S. called 9-1-1, and while she was speaking with a dispatcher, Sells rode his bicycle back towards the store. As Sells passed L.S. in the window, L.S. alleged that Sells pulled a gun from his pocket and pointed it at her. L.S. gave the dispatcher a description of Sells and the gun he allegedly possessed.

**¶5** Soon after, officers located and detained Sells two or three blocks from the store. Sells gave the officers permission to search his belongings, and police located a black BB gun in his backpack. An officer

brought L.S. to the location where Sells had been detained, and she positively identified him. Sells was transported to the police station and charged with aggravated assault.

**¶6**　　　The State offered Sells a plea deal of six-and-a-half years. Sells rejected the offer in favor of a jury trial. During the jury trial, Sells sought acquittal pursuant to Arizona Rule of Criminal Procedure 20, but the court denied the motion. The jury found Sells guilty of aggravated assault, but it did not find that the State had proven beyond a reasonable doubt the alleged aggravating circumstance that the offense caused emotional harm to the victim.

**¶7**　　　The court conducted the sentencing hearing in compliance with Sells' constitutional rights and Arizona Rule of Criminal Procedure 26. The court found the existence of eight prior felony convictions. The court sentenced Sells to a minimum term of ten years with a presentence credit for 174 days. The court additionally imposed a one-time payment fee of $20, a probation assessment fee of $20, and $400 in restitution to be paid to L.S. for economic loss related to the crime.

**¶8**　　　Sells timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶9**　　　We review Sells' conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Sells has advised this court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Sells at all stages of the proceedings, and the sentence imposed was within the statutory guidelines. We decline to order briefing and affirm Sells' conviction and sentence.

**¶10**　　　Upon the filing of this decision, defense counsel shall inform Sells of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Sells shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶11     For the foregoing reasons, we affirm.

